# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **Plaintiff,** | ) | **No. 12-20066-38-KHV** |
| | ) | |
| **v.** | ) | **CIVIL ACTION** |
| | ) | **No. 16-2598-KHV** |
| **RIKO CARTER,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's *Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 By U.S.S.G. Amendment § 3B1.2* (ECF No. 1971). On October 14, 2016, the government filed a response. *See Government's Response To Defendant's Motion To Vacate, Set Aside Or Correct Sentence Under 28 U.S.C. § 2255 By U.S.S.G. Amendment § 3B1.2* (ECF No. 1981). Defendant did not file a reply. For reasons stated below, the Court overrules defendant's motion.

## BACKGROUND

On October 3, 2012, a grand jury charged Riko Carter and 51 other defendants with conspiracy to manufacture, to possess with intent to distribute and to distribute 280 grams or more of cocaine base and to possess with intent to distribute and to distribute five kilograms or more of a mixture and substance containing cocaine. *See Second Superseding Indictment* (ECF No. 402), Count 1. On May 28, 2013, Mr. Carter pled guilty. *See Plea Agreement* (ECF No. 671).

At sentencing, the Court calculated a base offense level of 34 under U.S.S.G. § 2D1.1 based on a drug quantity of 2.75 kilograms of cocaine base. *See Presentence Investigation Report* (ECF No. 1131), ¶¶ 96, 100-01 (base offense level 34 for offense involving at least 840 grams but less than

2.8 kilograms of cocaine base under 2013 version of Guidelines).  The Court added three levels under U.S.S.G. § 2D1.1(b)(1) because defendant possessed a dangerous weapon during the offense.  *See id.*, ¶ 102.  The Court then subtracted three levels for defendant's acceptance of responsibility.  *See id.*, ¶¶ 108-09.  Based on a criminal history category IV and a total offense level of 33, defendant's advisory guideline range was 188 to 235 months.  *See id.*, ¶ 152.

On May 12, 2014, the undersigned judge, sitting by designation, sentenced Mr. Carter to 188 months in prison.  *See Judgment In A Criminal Case* (ECF No. 1524) at 2.  On June 8, 2015, in light of Amendment 782 to the Sentencing Guidelines, which reduced by two levels defendant's base offense level, the Honorable Kathryn H. Vratil reduced defendant's sentence to 151 months.  *See Order Regarding Motion For Sentence Reduction Pursuant To 18 U.S.C. § 3582(c)(2)* (ECF No. 1785).

On August 29, 2016, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255.  Defendant asserts that under Amendment 794 to the Sentencing Guidelines, the Court should apply a mitigating role adjustment under Section 3B1.2 and resentence him to a term of 120 months, the statutory minimum term of imprisonment.[1]

### DISCUSSION

The standard of review of Section 2255 petitions is quite stringent.  The Court presumes that the proceedings which led to defendant's conviction were correct.  *See Klein v. United States,*

---

[1]      Because the United States Sentencing Commission has not specifically designated Amendment 794 for retroactive application, the Court lacks authority to apply Amendment 794 under Section 3582(c)(2).  *See* 18 U.S.C. § 3582(c)(2) (court may reduce sentence where consistent with policy statements of Commission); U.S.S.G. § 1B1.10 (if amendment not listed in subsection 1B1.10(c), reduction not consistent with policy statement).  The Court therefore considers defendant's motion solely under 28 U.S.C. § 2255.

-2-

880 F.2d 250, 253 (10th Cir. 1989).

**I.        Procedural Bar – Timeliness Of Motion**

The government asserts that defendant's motion is untimely.  *See Government's Response To Defendant's Motion To Vacate, Set Aside Or Correct Sentence Under 28 U.S.C. § 2255 By U.S.S.G. Amendment § 3B1.2* (ECF No. 1981) at 3-5.  Section 2255 provides a one-year period of limitation which runs from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Here, the Clerk entered judgment on May 12, 2014.  Defendant did not appeal the judgment of conviction so it was final 14 days later on May 26, 2014.  *United States v. Prows*, 448 F.3d 1223, 1227-28 (10th Cir. 2006) (if defendant does not file direct appeal, conviction becomes final upon expiration of time in which to take direct criminal appeal); Fed. R. App. P. 4(b) (defendant must file appeal within 14 days of entry of judgment).  Therefore defendant had until May 26, 2015 to file a Section 2255 motion.

Defendant filed his motion to vacate on August 29, 2016, more than one year after the statutory deadline.  Defendant apparently attempts to invoke the tolling provision of Section 2255(f)(4).  *See* (ECF No. 1971-1) at 4.  Defendant suggests that until Amendment 794 clarified application of Section 3B1.2, he could not have known of his potential argument that he

-3-

qualified for a minor role reduction. *See id.* Amendment 794 supplements the Commentary to provide additional guidance to district courts in determining when a mitigating role adjustment applies under Section 3B1.2, but it did not provide an additional basis to reduce a defendant's offense level. *See* Amendment 794, Supp. to App. C (Nov. 1, 2015). Therefore defendant could have raised his argument under Section 3B1.2 well before the effective date of Amendment 794. In any event, the tolling provision of Section 2255(f)(4) refers to discovery of "facts" supporting a claim, "not a failure to appreciate the legal significance of those facts." *United States v. Collins*, 364 F. App'x 496, 498 (10th Cir. 2010) (citing *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)); *see United States v. Hines*, 592 F. App'x 755, 755 (10th Cir. 2015) (recent Supreme Court decision does not constitute newly discovered fact under Section 2255(f)(4)). Defendant has not shown that he recently discovered any new "facts" related to his relative role in the offense. Because defendant in due diligence could have sought a mitigating role adjustment under the prior Commentary, he cannot show that he qualifies for tolling under Section 2255(f)(4) based on the amended Commentary.[2]

Defendant has not alleged a sufficient basis for equitable tolling. Initially, to show a basis for equitable tolling, defendant bears the burden to establish that he has been pursuing his rights diligently and that some extraordinary circumstances stood in his way. *Barnes v. United States*, 776 F.3d 1134, 1150 (10th Cir. 2015). Defendant does not explain why (1) he did not file an appeal or otherwise pursue the mitigating role adjustment or (2) it took him some ten months after the

---

[2]     Defendant has not asserted any impediment to filing his motion created by governmental action so he does not qualify for tolling under Section 2255(f)(2). Because defendant relies solely on an amendment to the Sentencing Guidelines and not a right newly recognized by the Supreme Court, he also cannot establish tolling under Section 2255(f)(3).

effective date of Amendment 794 to file his Section 2255 motion.  Accordingly, defendant has not

shown that he is entitled to equitable tolling of the limitations period.  *See Fleming v. Evans*, 481

F.3d 1249, 1257 (10th Cir. 2007) (petitioner must show that he acted with reasonable diligence);

*Gibson v. Klinger*, 232 F.3d 799, 807 (10th Cir. 2000) (petitioner must show that after learning

pertinent facts, he diligently pursued federal habeas claim).

Defendant also has not shown that his substantive claim falls within the narrow confines of

the equitable tolling doctrine.  Equitable tolling is available only in rare and exceptional

circumstances such as when a prisoner is "actually innocent."[3]  *Gibson*, 232 F.3d at 808.  In this

regard, actual innocence means factual innocence, not mere legal insufficiency.  *Bousley v. United*

*States*, 523 U.S. 614, 623 (1998); *see Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).  Here, defendant

asserts that he should have received a lower sentence.  In similar contexts, the Tenth Circuit has held

that a defendant cannot be actually innocent of a noncapital sentence.[4]  *See Jones v. Martin*, 622 F.

App'x 738, 740 (10th Cir. 2015); *Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2012); *see also*

*United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993) (to satisfy "fundamental miscarriage

of justice" exception, defendant must show innocence of offense for which he was convicted, not

innocence of higher sentence).  In addition, the actual innocence exception does not apply because

---

[3]     This exception ordinarily is applied in the context of new evidence.  In that context, a petitioner must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *see Bousley v. United States*, 523 U.S. 614, 623 (1998) (applying *Schlup* to Section 2255 motions).  As explained above, defendant has not alleged the discovery of any new evidence.

[4]     To show actual innocence of a sentence in a capital case, petitioner must show "factual innocence of the aggravating factors that render one eligible for the death sentence."  *Selsor v. Kaiser*, 22 F.3d 1029, 1036 (10th Cir. 1994) (citing *Sawyer*, 505 U.S. at 347).

Mr. Carter does not assert that he is factually innocent of a certain base offense level or an enhancement. *See United States v. Burks*, 643 F. App'x 757, 758 (10th Cir. 2016) (defendant not entitled to coram nobis relief on claim of actual innocence of career offender enhancement because claim based on legal classification of underlying convictions, rather than actual innocence); *see also Selsor*, 22 F.3d at 1036 (to show actual innocence of sentence in habitual offender case, petitioner must show he is innocent of fact of prior conviction which was used to enhance sentence).

For reasons stated above, defendant has not shown a sufficient factual basis to toll the one-year deadline under 28 U.S.C. § 2255. Therefore the Court overrules defendant's Section 2255 motion as untimely.

## II.  Procedural Bar – Waiver Of Collateral Challenges

The government also asserts that defendant's motion is barred by the waiver of collateral challenges in the plea agreement. *See Government's Response To Defendant's Motion To Vacate, Set Aside Or Correct Sentence Under 28 U.S.C. § 2255 By U.S.S.G. Amendment § 3B1.2* (ECF No. 1981) at 5-7. A knowing and voluntary waiver of the statutory right to appeal or to collaterally attack a sentence is generally enforceable. *United States v. Chavez-Salais*, 337 F.3d 1170, 1172 (10th Cir. 2003); *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). The Court applies a three-pronged analysis to evaluate the enforceability of such a waiver: (1) whether the disputed issue falls within the scope of the waiver; (2) whether defendant knowingly and voluntarily waived his rights; and (3) whether enforcing the waiver would result in a miscarriage of justice. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).

In the plea agreement, defendant waived his right to collaterally attack "any matter in connection with this prosecution, [his] conviction, or the components of the sentence." *Plea*

*Agreement* (ECF No. 671), ¶ 13.[5]  Defendant's claim that the Court should grant him a mitigating role adjustment alleges an error in sentencing, which falls within the scope of the broad waiver in the plea agreement.  Defendant has not alleged any basis for a claim that would fall within the exception to the waiver such as a claim of ineffective assistance of counsel or prosecutorial misconduct.

Defendant does not challenge that he knowingly and voluntarily waived his rights.  Nothing in the record suggests that defendant's plea or waiver of post-conviction rights was unknowing or involuntary.

---

[5]      The plea agreement states in relevant part as follows:

**13.**      **Waiver of Appeal and Collateral Attack.**  The defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, the defendant's conviction, or the components of the sentence to be imposed herein including the length and conditions of supervised release, as well as any sentence imposed upon a revocation of supervised release. The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined appropriate by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)], a motion brought under Title 18, U.S.C. § 3582(c)(2) and a motion under Fed. Rule of Civ. Pro. 60(b).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by Title 18, U.S.C. § 3742(a).  Notwithstanding the forgoing waivers, the parties understand that the defendant in no way waives any subsequent claims with regards to ineffective assistance of counsel or prosecutorial misconduct.

*Plea Agreement* (ECF No. 671), ¶ 13.

Defendant also has not alleged facts to show that enforcement of the waiver would result in a miscarriage of justice. To show a miscarriage of justice, defendant bears the burden to establish that (1) the district court relied on an impermissible factor such as race; (2) counsel provided ineffective assistance in conjunction with negotiation of the waiver; (3) the sentence exceeds the statutory maximum; or (4) the waiver is otherwise unlawful in the sense that it suffers from error that seriously affects the fairness, integrity or public reputation of judicial proceedings. *Hahn*, 359 F.3d at 1327. Enforcement of the waiver does not implicate any of these factors. Defendant received a sentence of 188 months in prison, which was at the low end of the advisory Guidelines range and well below the statutory maximum of life in prison. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) ("statutory maximum" under *Hahn* refers to statute of conviction). Enforcement of the waiver does not seriously affect the fairness, integrity or public reputation of the proceedings. *See United States v. Maldonado*, 410 F.3d 1231, 1233-34 (10th Cir. 2005) (waiver of appellate rights enforced where sentence did not exceed statutory maximum and was based on judge-made findings).

For reasons stated above, the Court finds that defendant's waiver of collateral challenges in the plea agreement is enforceable and bars defendant's present motion.

## III.    Substantive Merit Of Defendant's Claim

Defendant's claim also lacks substantive merit. Defendant argues that in light of Amendment 794 to the Sentencing Guidelines which clarified Section 3B1.2, the Court erred in refusing to reduce his offense level as a minor or minimal participant. At the time of sentencing, Application Note 3(c) to Section 3B1.2 provided as follows:

> **Fact-Based Determination**.—The determination whether to apply subsection (a) or subsection (b), or an intermediate adjustment, is based on the totality of the

circumstances and involves a determination that is heavily dependent upon the facts of the particular case.

U.S.S.G. § 3B1.2, cmt. 3(C) (Nov. 1, 2014 ed.).  As explained above, Amendment 794 provided additional guidance to district courts in determining when a mitigating role adjustment applies under Section 3B1.2.  *See* Amendment 794, Supp. to App. C (Nov. 1, 2015).  In particular, Amendment 794 added commentary to Application Note 3(c) as follows:

> In determining whether to apply subsection (a) or (b), or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:
>
> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts of the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.
>
> The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative.  Such a defendant may receive an adjustment under this if he or she is substantially less culpable than the average participant in the criminal activity.

U.S.S.G. § 3B1.2, cmt. 3(C).[6]

---

[6]     Amendment 794 also made minor changes to Application Notes 4 and 5.  *See* Amendment 794, Supp. to App. C (Nov. 1, 2015).

The Sixth, Ninth and Eleventh Circuits have concluded that Amendment 794 is a clarifying amendment which is retroactive to cases on direct appeal. *United States v. Carter*, No. 15-3618, 2016 WL 5682707, at *6 (6th Cir. Oct. 3, 2016); *United States v. Quintero-Leyva*, 823 F.3d 519, 523 (9th Cir. 2016); *United States v. Cruickshank*, 837 F.3d 1182, 1194 (11th Cir. 2016). Assuming that Amendment 794 is a "clarifying" amendment, the Court also applies it retroactively under Section 2255. *See United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003) (clarifying amendment relates to correctness of sentence which should be raised on direct appeal or in Section 2255 motion); *see also United States v. Armstrong,* 347 F.3d 905, 909 (11th Cir. 2003) (clarifying amendments "may only be retroactively applied on direct appeal of a sentence or under a § 2255 motion").

Even if the Court applied Amendment 794 retroactively in this case, however, defendant has not shown a reasonable probability that his sentence would have been different. Defendant states that he had a minimal role because he is less culpable than the average conspirator, he knew very few of the other conspirators and he did not exercise any authority in the conspiracy. *See Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 By U.S.S.G. Amendment § 3B1.2* (ECF No. 1971) at 4; (ECF No. 1971-1) at 2. Defendant classifies his involvement as simple "street vending," (ECF No. 1971) at 4, but he offers no specific comparison with other defendants in this case. Although not conclusive of whether defendant qualifies for an adjustment under Section 3B1.2, the Court notes that only four of the 47 defendants who were convicted in this case received a sentence greater than defendant's initial sentence of 188 months. In addition, some 19 defendants in this case received sentences of 70 months or less; these sentences were substantially lower than defendant's reduced sentence of 151 months in prison. Defendant was involved in more substantial crack cocaine transactions relative to most of his coconspirators. In

-10-

particular, Mr. Carter sold ounce or multi-ounce quantities of crack cocaine to informants on three or four occasions, he was "fronted a kilogram of cocaine for $30,000" and he participated in, or at least was knowledgeable of, the conversion of powder cocaine to crack.  *See Presentence Investigation Report* (ECF No. 1131), ¶¶ 82-84.  Given defendant's substantial involvement in the conspiracy relative to his coconspirators, the Court correctly omitted any mitigating role adjustment under Section 3B1.2.  *See United States v. Llantada*, 815 F.3d 679, 685 (10th Cir. 2016) (middleman not necessarily entitled to reduction under Section 3B1.2).[7]

## CONCLUSION

For the above reasons, the Court finds that the files and records in this case conclusively show that defendant is not entitled to relief.  No evidentiary hearing is required to resolve defendant's claim.  *See* 28 U.S.C. § 2255; *United States v. Marr*, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); *United States v. Barboa*, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless petitioner's allegations, if proved, would entitle her to relief and allegations not contravened by record).

## CERTIFICATE OF APPEALABILITY

An appeal from a final order in a Section 2255 proceeding may not be taken unless a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1)(B).  A certificate of appealability may issue only if petitioner has made a "substantial showing of the denial of a

---

[7]        Defendant has not asserted ineffective assistance of counsel.  In light of defendant's substantial involvement in the conspiracy, however, counsel's failure to seek a mitigating role adjustment under Section 3B1.2 was not deficient or prejudicial.  *See Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984) (to establish ineffective assistance of counsel, defendant must show that counsel's performance was deficient and a reasonable probability that but for counsel' deficient performance, the result of the proceeding would have been different).

constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires that petitioner demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *United States v. Keyes*, 280 F. App'x 700, 701 (10th Cir. 2008) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons detailed in this Memorandum And Order, Mr. Carter has not made a substantial showing of the denial of a constitutional right, and the Court therefore denies a certificate of appealability.

**THEREFORE, it is hereby**

**ORDERED** that defendant's *Motion To Vacate, Set Aside, Or Correct Sentence Under 28 U.S.C. § 2255 By U.S.S.G. Amendment § 3B1.2* (ECF No. 1971) is **OVERRULED** and that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **DENIED.**

Dated this 21st day of February, 2017 at Kansas City, Kansas.

SCOTT W. SKAVDAHL
United States District Judge

-12-